# United States Court of Appeals
## For the First Circuit

No. 24-1375

SHEEHAN, PHINNEY, BASS & GREEN PA,

Plaintiff - Appellee,

v.

RICHARD SETH TANNENBAUM; LEIGH HOLDINGS, LLC,

Defendants - Appellants,

SAMANTHA ORY,

Defendant.

### ORDER OF COURT

Entered: June 7, 2024
Pursuant to 1st Cir. R. 27.0(d)

Upon review of the record in this case, it does not appear that this court has jurisdiction to consider defendants-appellants Leigh Holdings, LLC and Richard Seth Tannenbaum's appeal from the April 15, 2024, order in civil action no. 1:23-cv-12683-PBS (D. Mass.) remanding the case to the state court from which it was removed. The district court found the attempted notice of removal was procedurally defective because it was untimely filed and that the court lacked subject matter jurisdiction over the underlying action. An order of remand on the ground that the removal was untimely or that the district court lacks subject matter jurisdiction is not reviewable on appeal. 28 U.S.C. § 1447(d); see also Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996); Christopher v. Stanley-Bostitch, Inc., 240 F.3d 95, 99 (1st Cir. 2001).

As an additional matter, the notice of appeal is signed by Richard Seth Tannenbaum on behalf of appellants.  It is noted that Tannenbaum may not represent a corporation on appeal.  See Instituto de Educacion Universal Corp. v. U.S. Dept. of Educ., 209 F.3d 18, at 23-24 (1st Cir. 2000) (holding that a corporate officer may sign and file a notice of appeal on behalf of the corporation, as long as the corporation then promptly retains counsel to prosecute the appeal.); Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41 (1st Cir. 1982); In re Las Colinas Development Corp., 585 F.2d 7, 11-13 (1st Cir. 1978) (holding that non-lawyer president and majority stockholder of corporation was not permitted to represent corporation).

Accordingly, appellants are ordered either to move for voluntary dismissal of the appeal pursuant to Fed. R. App. P. 42 (b), or to show cause, in writing, why this appeal should not be

dismissed.  To the extent appellants contend that this court's jurisdiction is proper, counsel must file an appearance form on appellant Leigh Holding, LLC's behalf.  Failure to comply on or before **June 21, 2024**, with this order's directives may result in dismissal of the appeal for want of diligent prosecution.  <u>See</u> Loc. R. 3.0(b).


By the Court:

Maria R. Hamilton, Clerk


cc:
Charles M. Waters
Michael J. Lambert
Leigh Holdings, LLC
Richard Seth Tannenbaum